Charles L. MEYER & Nancy L. Meyer, Plaintiffs/Appellants,

v.

Thomas E. BRYSON, John H. Taylor, et ux Marilyn Taylor; Traditional Designs and Construction, Inc.; T. William McCracken, et ux Gertrude McCracken; and T. William McCracken Construction Co., Defendants/Appellees.

Court of Appeals of Tennessee, Eastern Section.

Aug. 1, 1994.

Permission to Appeal Denied by Supreme Court Oct. 31, 1994.

Donald E. Overton, Knoxville, for appellants.

Marty McDonald, Jay W. Mader, Knoxville, for appellees.

## OPINION

McMURRAY, Judge.

The plaintiffs brought this action to recover damages they claimed resulted from the defective construction of a dwelling house. The defendant, Thomas E. Bryson, filed a motion for summary judgment which was sustained. He also filed a cross-claim against the defendants, John H. Taylor and wife, Marilyn Taylor. Later, Bryson compromised and settled all claims and he is no longer actively involved as a party to this action.

The remaining defendants filed motions to dismiss pursuant to Rule 12, Tennessee Rules of Civil Procedure, asserting, *inter alia*, failure to state a cause of action and asserting that the applicable statute of limitations had expired. Their motions were sustained and this case was dismissed. This appeal resulted. We affirm the judgment of the trial court.

The appellants present the following issues for our consideration:

1. Whether or not the trial court erred in ruling that the certificate of occupancy issued by Knox County established as a matter of law that the date of issuance was the date of substantial completion of the house purchased by plaintiffs from Bryson who purchased the House from builders and sellers, Taylor and McCracken?

2. Whether or not the statute of limitations, T.C.A. § 28–3–202 is a statute of repose that prevents plaintiffs-appellants from suing the builders/sellers of

the residence under implied warranty and products liability statutes?

The applicable statute of limitations is found in T.C.A. § 28–3–202 which provides as follows:

28–3–202. Limitation of actions.—All actions to recover damages for any deficiency in the design, planning, supervision, observation of construction, or construction of an improvement to real property, for injury to property, real or personal, arising out of such deficiency, shall be brought against any person performing or furnishing the design, planning supervision, observation of construction, construction of, or land surveying in connection therewith, such an improvement within four (4) years after substantial completion of such an improvement.

T.C.A. § 28–3–201 provides in pertinent part as follows:

28–3–201. Definitions.—As used in this part the terms set out hereinbelow shall be defined as follows:

\*     \*     \*     \*     \*     \*

(2) "Substantial completion" shall mean that degree of completion of a project, improvement, or a specified area or portion thereof (in accordance with the contract documents, as modified by any change order agreed to by the parties) upon attainment of which the owner can use the same for the purpose for which it was intended; the date of substantial completion may be established by written agreement between the contractor and the owner.

We learn from the complaint that the plaintiffs, Charles and Nancy Meyer purchased the house from Thomas E. Bryson on March 16, 1992. Bryson and wife purchased the home from the defendant, John H. Taylor, and wife, Marilyn J. Taylor on March 31, 1989. John H. Taylor, and wife, acquired the property from the defendant, Traditional Designs and Construction, Inc., on November 16, 1988.

The theory of recovery against the defendants, T. William McCracken Construction Company, Traditional Designs and Construction, Inc., T. William McCracken and Gertrude McCracken and John H. Taylor and wife Marilyn J. Taylor was improper and negligent design and construction. They further allege that Taylor and Traditional Designs and Construction, Inc., are liable to plaintiffs under an implied warranty that the property was fit for the purposes intended.

Affidavits were filed in support of the motion to dismiss and in opposition thereto. Therefore, we are required to treat the Rule 12 motion as a motion for summary judgment pursuant to Rule 56, Tennessee Rules of Civil Procedure. See Rule 12.03, Tennessee Rules of Civil Procedure.

The affidavits of the parties may be summarized as follows:

1. Charles L. Meyer, plaintiff, testified regarding the defects he noticed after moving into the house. The date he and his wife took possession was March 1992. He further testified that the facts stated in the complaint are true.

2. T. William McCracken testified that neither he nor T. William McCracken Construction Co. had ever had a contract with the plaintiffs.

3. Gertrude A. McCracken, as president of Traditional Design and Construction Co. Inc., testified that they made no improvements to the property in question except to place the roads, water lines and other utilities on the property. That they had no contract with the plaintiff and had made no warranties, express or implied, to the plaintiffs.

4. John Taylor testified that he was a former owner of the house and sold the house to Thomas E. Bryson on or about March 31, 1989. He further testified that the house was *substantially complete* (emphasis added) and the certificate of occupancy was issued on that home on February 20, 1989. He further testified that all the work done on the property was done under his direction as owner of the property.

5. Gertrude McCracken testified that she bought some land which now contains the lot on which the residence in question was constructed and that she sold the land to Traditional Design and Construction,

Inc.; and that she had nothing to do with the construction of the home in question.

6. Marilyn Taylor testified that she had had no contract with the plaintiffs.

7. T. William McCracken testified that he bought some land, including the lot on which the house in question stands, and sold the land to Traditional Design and Construction, Inc. He further testified that he had no contract with the plaintiffs and had made no warranties, express or implied, to them.

8. Thomas E. Bryson testified that he was at one time the owner of the house which is the subject of this action; that he submitted a punch list of items that needed to be remedied with the house. During the summer of 1991, Mr. Taylor finished completion of the repairs of all the punch list items. From and after the summer of 1991 he was not aware of any problems with the house, other than routine maintenance items.

9. Roy Charles Braden, Jr., testified that he was chief building inspector for Knox County, Tennessee and that a certificate of occupancy was issued on February 20, 1989.

■ As to issue number one, it is probably an erroneous conclusion that issuance of a certificate of occupancy by a governmental agency establishes substantial completion of a construction project as a matter of law.[1] We are of the opinion, however, that the testimony of John Taylor (the owner at the time) that the house was substantially completed in February 1989, standing unrefuted is sufficient to establish that the statute began to run on that date. The fact that he was of the opinion that the house was substantially completed at about the same time that a certificate of occupancy was issued is of no significance.

The plaintiffs argue that the house has never been substantially completed because there are still defects in the house that have not been repaired. We cannot accept this argument. To do so would, in essence, defeat the purpose of the statute of limitations set out in T.C.A. § 28–3–202. In *Howard G. Lewis Const. Co., Inc. v. Lee*, 830 S.W.2d 60 (Tenn.App.1991), the court quoted with approval the following from *Construction and Design Law* (1991):

Substantial completion occurs when the owner can use the building for its intended use. If the owner can use the building for its intended use, then *any defects in the construction are usually held not to be material.* (Emphasis Added)....

\* \* \* \* \* \*

The definition of substantial completion may differ depending on the terms of the contract and the jurisdiction. The most popular definition, and the one used in the AIA[2] documents, is that construction is substantially complete when the owner can occupy it or use it for the purpose for which it was intended....

We also note the observations of Chief Justice Henry speaking for the Supreme Court in the case of *Watts v. Putnam County*, 525 S.W.2d 488 (Tenn.1975).

Any proper understanding and analysis of these statutes [T.C.A. §§ 28–3–201 et seq.] must start with the recognition that they are virtually verbatim the Model Code proposed by the American Institute of Architects, the National Society of Professional Engineers, and the Associated General Contractors.

Similar statutes were adopted between 1964 and 1969 in some thirty jurisdictions as a result of the activities of these interested associations and following major extensions of their potential liability.

We must, therefore, indulge in the realistic recognition that they were designed to mitigate against liability.

*Id.* at page 490.

We accept the statements in *Construction and Design Law* as being harmonious with

---

**1.** The record does not support the proposition that such a ruling was made in this case. The record reflects that the remarks of the judge were that "when you talk about when it was occupied or when it was certified by the inspec-

tors, clearly the house was substantially complete in this case a period more than four years prior to the institution of this case." ...

**2.** American Institute of Architects.

the intent of T.C.A. § 28–3–202. We, therefore, conclude that the statute of limitations regarding negligent construction began to run on February 20, 1989 (date of substantial completion stated in the affidavit of John Taylor) and had expired by the time the plaintiffs filed their complaint on May 25, 1993.

 As to the second issue, it was long the law in this jurisdiction that the purchaser of real estate labored under the burden of *caveat emptor*. *Caveat emptor* is the general rule applicable to real estate transactions. *Evens v. Young*, 196 Tenn. 118, 125–27, 264 S.W.2d 577, 580–81 (1954); *Smith v. Tucker*, 151 Tenn. 347, 360, 270 S.W. 66, 69 (1925); *McIntosh v. Goodwin*, 40 Tenn.App. 505, 518, 292 S.W.2d 242, 249 (1954). Our Supreme Court in the Case of *Dixon v. Mountain City Const. Co.*, 632 S.W.2d 538 (Tenn.1982) adopted an exception, *i.e.*, the implied warranty rule set out in *Hartley v. Ballou*, 286 N.C. 51, 209 S.E.2d 776 (1974). The rule provides as follows:

> [W]e hold that in every contract for the sale of a recently completed dwelling, and in every contract for the sale of a dwelling then under construction, the vendor, if he be in the business of building such dwellings, shall be held to impliedly warrant to the initial vendee that, at the time of the passing of the deed or the taking of possession by the initial vendee (whichever first occurs), the dwelling, together with all its fixtures, is sufficiently free from major structural defects, and is constructed in a workmanlike manner, so as to meet the standard of workmanlike quality then prevailing at the time and place of construction; and that this implied warranty in the contract of sale survives the passing of the deed or the taking of possession by the initial vendee.

*Hartley*, 209 S.E.2d at 783.

 Thus it can be seen that the Supreme Court in *Dixon*, following *Hartley*, limited the application of the warranty to the original vendee. The original vendee in this case was Bryson. Hence the plaintiffs cannot prevail on a warranty theory. For an informative discussion on this subject, *see Patterson v. Jim Walters Homes, Inc.*, an unpublished opinion of this court by Judge Franks, opinion filed 1985, 1985 WL 4821.

The appellee has presented certain issues for our consideration. Our resolution of the issues presented by the appellants, however, pretermit all of the appellees' issues except for the question of whether or not this is a frivolous appeal pursuant to T.C.A. § 27–1–123. Upon consideration, we are of the opinion that this is not an appropriate case for the imposition of sanctions for frivolous appeal.

We affirm the judgment of the trial court. Costs incident to this appeal are assessed against the appellants and this case is remanded to the trial court for the collection thereof.

GODDARD, P.J. (E.S.), and FRANKS, J., concur.