IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 20, 2008 Session

**DEBORAH JENKINS as Personal Representative of THE ESTATE OF
MALCOM WILLIAMS, JR. and in her individual capacity; MALCOM
WILLIAMS, SR., as Parent and Next Friend of MALCOM WILLIAMS, JR.
and in his individual capacity; MARIA AKPOTU as Personal Representative
of THE ESTATE OF EDGAR AKPOTU, and in her individual capacity;
CAROL AND JAMES OVERZET, Individually and as Parents and Next
Friend of JACOB OVERZET, a Minor
v.
SOUTHLAND CAPITAL CORPORATION, SOUTHLAND EQUITY
CORPORATION, TERRY LYNCH and BRADFORD FARMS LLC**

Appeal from the Circuit Court for Shelby County
No. CT-000369-03    Jerry Stokes, Judge

No. W2007-01180-COA-R3-CV - Filed September 23, 2008

This is a consolidated wrongful death and personal injury case.  In May 2002, three young boys walking beside the road were struck by a drunken driver in a residential subdivision.  Two were killed, the third severely injured.  The plaintiffs sued the developers of the subdivision, arguing that the absence of sidewalks in the area where the boys were walking was a cause of the accident.  The trial court granted summary judgment in favor of the developers on grounds that the plaintiffs' lawsuit was time-barred under the four-year statute of repose for improvements to real property, T.C.A. § 28-3-202.  We agree with the trial court that the improvements to the real property on which the accident occurred were substantially completed more than four years prior to the filing of the lawsuits under the statutory definition at T.C.A. § 28-3-201(2), and therefore affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which, ALAN E. HIGHERS, P.J., W.S., joined; W. FRANK CRAWFORD, J., did not participate.

Scott A. Frick, Memphis, TN, and Thomas J. Cullen, Jr., Baltimore, MD, for the Appellants

Pam Warnock Green and Nicholas E. Bragorgos, Memphis, TN, for the Appellees

**OPINION**

This case arises out of a terrible tragedy. On Wednesday, May 21, 2002, three twelve-year-old boys, Malcom Williams, Jr., Edgar Akpotu, and Jake Overzet, left school to walk home. The route they walked took them northbound along Long Creek Road, a two-lane roadway in Shelby County, Tennessee, located in the Stansall Crossing, Bradford Farms Public Development, a subdivision of homes. For most of the roadway, there was a sidewalk on which the boys could walk. However, for a segment of the roadway covering a length of several lots, there was a curb but no sidewalk. On that segment, the boys walked on the grass immediately adjacent to the road.

At about the same time that the boys were leaving school, Christina Morgan was behind the wheel of a 1996 Ford Taurus, intoxicated. At approximately 2:20 p.m., she drove northbound on Long Creek Road, where the three twelve-year-old boys were walking. As the boys were walking in the grass on the segment of the road with no sidewalk, Morgan's vehicle suddenly jumped the curb. Morgan's car struck all three boys. As a result of the collision, Malcom Williams, Jr. died that evening, and Edgar Akpotu died three days later. Jake Overzet survived but suffered grievous injuries.

On January 22, 2003, a wrongful death lawsuit was filed by Deborah Jenkins, the mother of Malcom Williams, Jr., as Personal Representative of the Estate of Malcom Williams, Jr. and in her individual capacity, and by Malcom Williams, Sr., as Parent and Next Friend of Malcom Williams, Jr. and in his individual capacity, as well as Maria Akpotu, the mother of Edgar Akpotu, as Personal Representative of the Estate of Edgar Akpotu and in her individual capacity. The lawsuit was filed in the Shelby County Circuit Court against Defendants Christina Morgan and Martin Tapper,[1] and W.H. Porter & Company.[2] and against Defendant/Appellees Southland Capital Corporation[3] and Southland Equity Corporation.[4] Defendant/Appellees Terry Lynch and Bradford Farms, L.L.C.[5] were added as party defendants at some point, although the appellate record does not indicate when

---

[1]Martin Tapper is the owner of the 1996 Ford Taurus that was driven by Christina Morgan. By Consent Order of April 27, 2007, the Plaintiffs' claims against Martin Tapper and Christina Morgan were dismissed. Neither Mr. Tapper, nor Ms. Morgan is a party to this appeal.

[2]W. H. Porter & Company, Inc. prepared the site plans for the subdivision. By Order of October 4, 2004, summary judgment was granted in favor of W.H. Porter & Company. It is not a party to the this appeal.

[3]Southland Capital Corporation is the contractor and building permit owner of the 4028 and 4038 Long Creek Road property, the lots that were the site of the accident.

[4]Southland Equity Corporation is the owner and developer of the 4028 and 4038 Long Creek Road property, the lots that were the site of the accident.

[5]Terry Lynch and Bradford Farms, LLC are the developers of this subdivision. They became party-defendants to this suit when the case against them was consolidated with the suit against the other defendants. *See infra*.

these parties were added. All of these Defendants shall be referred to collectively as the "Developers."

Shortly after the wrongful death complaint was filed, on February 6, 2003, Carol and James Overzet, the parents of Jake Overzet, filed another lawsuit against the Developers, seeking damages on behalf of their injured son. By order of December 9, 2003, the Overzets' case was consolidated with the wrongful death lawsuit. Both of the consolidated cases allege defects in the design, construction, and planning of the two juxtaposed lots that were the site of the accident, Lots 127 and 128 of the Bradford Farms Subdivision, having the respective addresses of 4028 and 4038 Long Creek Road, Shelby County, Tennessee. The Plaintiffs assert that the Developers were negligent in the following ways:

> 1. Failing to timely install sidewalks along 4028 and 4038 Long Creek Road;
> 2. Failing to take appropriate precautions to ensure that Long Creek Road was safe for pedestrians;
> 3. Failing to properly comply with local zoning ordinances;
> 4. Failing to properly construct the residences at 4028 and 4038 Long Creek Road in accordance with safety codes and standards;
> 5. Failure to comply with Shelby County ordinances and construction permits regarding 4028 and 4038 Long Creek Road;
> 6. Failing to exercise due care . . . .

The Developers filed answers, denying liability and asserting as an affirmative defense the applicable statute of repose.

On August 20, 2004, the Developers filed a motion for summary judgment. The summary judgment motion asserted that the Plaintiffs' claims were time-barred under Tennessee Code Annotated § 28-3-202, the statute of repose applicable to actions to recover damages arising out of improvements to real property. The statute provides:

> **Limitation of actions.** – All actions to recover damages for any deficiency in the design, planning, supervision, observation of construction, or construction of an improvement to real property, for injury to property, real or personal, arising out of any such deficiency, or for injury to the person or for wrongful death arising out of any such deficiency, shall be brought against any person performing or furnishing the design, planning, supervision, observation of construction, construction of, or land surveying in connection with, such an improvement within four (4) years after substantial completion of such an improvement.

Tenn. Code Ann. § 28-3-202 (2000). Pursuant to the statute, the Developers asserted that the Plaintiffs' lawsuits, filed less than a year after the accident, were time-barred because they were filed

more than four years after "substantial completion" of the improvements on the lots that were the site of the accident.

Relying on affidavits and documents made exhibits in support of the summary judgment motion, the Developers asserted that the lots in question, Lots 127 and 128, were "substantially completed" either when the property passed the final inspection by the Memphis and Shelby County Construction Code Enforcement Office, or when the lots were transferred to individual homeowners. As to Lot 127, 4028 Long Creek Road, the final inspection occurred on March 31, 1995, and ownership was transferred to the individual homeowner on October 11, 1995. As to Lot 128, 4038 Long Creek Road, the final inspection occurred on April 3, 1995, and title was transferred to the individual homeowners on March 2, 1995. Using either date, the Developers argued, the Plaintiffs' 2003 lawsuits were beyond the four-year statute of repose and were therefore time-barred.

In the alternative, the Developers asserted that the drunken driver, Christina Morgan, was the legal cause of the Plaintiffs' injuries, and the Developers' failure to install a sidewalk on the lots was not a proximate cause of the injuries.

The Plaintiffs opposed the motion for summary judgment, asserting that, had a sidewalk been installed all along Long Creek Road, the accident would not have occurred. They contended that there was a genuine issue of material fact on the issue of "substantial completion" within the meaning of the statute of repose. Tennessee Code Annotated § 28-3-202. The Plaintiffs maintained that the operative date was either (1) the date of "substantial completion" of the subdivision as a whole, not the individual lots, or (2) the date on which the sidewalks at issue were completed, not the residences on the lots. They asserted that work in the subdivision was still being done in 1999, and sidewalks on the lots at issue were not installed until after the accident, so the consolidated lawsuits were not time-barred.

A hearing was held on the summary judgment motion. On February 11, 2005, the trial court entered its order granting the Developers' motion for summary judgment.[6] Without elaborating on its reasoning, the trial court found that "the claims against [the Developers] are barred by the applicable statute of repose at TCA §28-3-202 as a matter of law" and that no issues of disputed fact remained.

On June 22, 2005, the Plaintiffs filed a motion to alter or amend the judgment, making arguments similar to those made in response to the summary judgment motion. The motion to alter or amend was ultimately denied by order of February 8, 2006.[7] From this order, the Plaintiffs now appeal.

---

[6]The order granting summary judgment in favor of the Developers was issued by Circuit Court Judge George Brown, who retired from the bench soon thereafter.

[7]The order denying the motion to alter or amend was issued by Judge Brown's successor, Circuit Court Judge Jerry Stokes.

On appeal, the Plaintiffs raise one issue for review, namely, whether the trial court erred in finding as a matter of law that the "improvement to real property" in the Stansall Crossing, Bradford Farms Planned Development was "substantially completed" pursuant to Tenn. Code Ann. § 28-3-202 more than four years before the date of the accident.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. *See* Tenn. R. Civ. P. 56.04. The moving party for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *See Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn.1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *See id.* In *Byrd v. Hall*, 847 S.W.2d 208 (Tenn.1993), our Supreme Court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery material, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth specific facts showing that there is a genuine issue of material fact for trial.

*Id.* at 210-11 (citations omitted).

Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *See Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn.1995). Because only questions of law are involved, there is no presumption of correctness regarding a trial court's grant or denial of summary judgment. *See Bain*, 936 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *See Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn.1997).

On appeal, the Plaintiffs make arguments similar to those they made before the trial court. They contend that the Developers failed to install sidewalks in direct violation of the Shelby County Code, which requires builders to install sidewalks on street frontage.[8] The expert retained by the

---

[8]Shelby County Code Section 26.5-52 entitled "Sidewalk Construction in Developing Areas" reads, in relevant part, as follows:

> (a) Sidewalks shall be constructed along the public street frontages of all lots in developing areas that have curbs and gutters installed along the public streets abutting and within the development, in accordance with the Subdivision Regulations of Memphis and Shelby County . . . .

(continued...)

Plaintiffs, they claim, was prepared to opine that, had the sidewalk been timely installed by the Developers, the boys would not have been walking so close to the road and the accident would not have occurred.

The Plaintiffs insist that there is a genuine issue of fact as to the date of "substantial completion" under the statute, and that the phrase "improvement to real property" pertains to the subdivision as a whole, rather than the individual lots on which the accident occurred. They contend that the "improvement to real property" could not have been substantially completed until the sidewalks were installed as required, and this did not take place until after the accident. Completion of the residences on the lots is not determinative, they argue, in a case where the issue is not the quality of the construction of the homes. Thus, they maintain, the trial court erred in holding that, as a matter of law, the "improvement to real property" at issue was substantially completed more than four years before the lawsuit was filed.

Taking the strongest legitimate view of the evidence in favor of the Plaintiffs, and allowing all reasonable inferences in the Plaintiffs' favor, we briefly outline the facts as presumed for purposes of reviewing the trial court's ruling on the summary judgment motion. We presume that the Shelby County Code requires the builder to construct sidewalks along public streets. The final inspection for Lots 127 and 128 by the Memphis and Shelby County Construction Code Enforcement occurred in 1995, and the transfer of ownership of both lots from the builders to individual homeowners occurred in 1995 as well. The Developers continued making improvements to the subdivision, Stansall Crossing, Bradford Farms Public Development, as late as 1999. The sidewalks for the lots at issue were installed after the accident occurred on May 21, 2002. The earliest complaint in the consolidated cases was filed on January 22, 2003.

In view of these facts, we now turn to interpreting the statute of repose, Tennessee Code Annotated § 28-3-202. At issue is the meaning of the phrase "improvement to real property" and the term "substantial completion" as used in § 28-3-202. While the statute does not indicate the scope of "improvement to real property," the term "substantial completion" is defined as follows:

> (2) "Substantial completion" means that degree of completion of a project, improvement, or a specified area or portion thereof (in accordance with the contract documents, as modified by any change orders agreed to by the parties) upon attainment of which the owner

---

8(...continued)

> (b) It shall be the duty and responsibility of the contractor/builder to whom the building permit for the lot is issued [here, Southland Capital Corporation] to obtain a sidewalk permit from the building official and to install the required sidewalk across the street frontage(s) of the lot . . . . The sidewalk shall be installed by the contractor/builder, and inspected and accepted by the building official prior to the final inspection of the structure or structures on the lot abutting on or adjacent to such sidewalk by the building official and prior to any use or occupancy of the structure.

> can use the same for the purpose for which it was intended; the date of substantial completion may be established by written agreement between the contractor and the owner.

Tenn. Code Ann. § 28-3-201 (2000). We consider the meaning of these terms and phrases in light of the statute as a whole.

It is well settled that, in interpreting statutes, courts are to "give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *Owens v. State*, 908 S.W.2d 923, 926 (Tenn.1995). Intent should be determined "from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning." *State v. Flemming*, 19 S.W.3d 195, 197 (Tenn.2000). Courts must take care not to "apply a particular interpretation to a statute if that interpretation would yield an absurd result." *State v. Sims*, 45 S.W.3d 1, 11 (Tenn.2001).

In *Watts v. Putnam County*, 525 S.W.2d 488 (Tenn.1975), our Supreme Court considered the intent of the Tennessee legislature in enacting Tennessee Code Annotated § 28-3-202 (previously § 28-314). The *Watts* Court noted that statutes of repose such as the statute at issue "are entirely unrelated to the accrual of any cause of action, since they begin to run on the date of substantial completion as opposed to the date of injury or damage." *Id.* at 491. Thus, where the occurrence or injury giving rise to the claim comes about more than four years after substantial completion, the claim "is barred. This conclusion is harsh, but is demanded under the statutory scheme."[9] *Id.* at 492. *Watts* did not construe the meaning of "substantial completion" because, in that case, the date of substantial completion was not in dispute. *Id.* at 492.

This Court addressed the meaning of the term "substantial completion" in *Meyer v. Bryson*, 891 S.W.2d 223 (Tenn. Ct. App.1994). In *Meyer*, the plaintiffs filed a lawsuit to recover damages stemming from the alleged defective construction of a residence. *Id.* at 223. The trial court dismissed the claim as time-barred under Tennessee Code Annotated § 28-3-202, holding that the certificate of occupancy issued by the county established as a matter of law the date of "substantial completion." The individual who owned the house on the date the certificate of occupancy was issued testified that the house was substantially complete on that date. The *Meyer* Court stated: "[I]t is probably an erroneous conclusion that issuance of a certificate of occupancy by a governmental agency establishes substantial completion of a construction project as a matter of law." *Id.* at 225. Instead, the Court relied on the unrefuted testimony of the homeowner that the house was substantially complete on the date the certificate of occupancy was issued. *Id.*

---

[9]The *Watts* Court quotes *Agus v. Future Chattanooga Developments Corp.*, 358 F. Supp. 246, 251 (E.D. Tenn. 1973), that the intent of the legislature was "to insulate contractors, architects, engineers and the like from liability for their defective construction or design of improvements to realty where . . . the injury happens more than four years after . . . substantial completion . . . ." *Watts*, 525 S.W.2d at 492. The *Watts* Court commented that the statute might be "inequitable and undesirable" but nevertheless reflects "the clear legislative intent." *Id.* at 443. It observed that "[t]hese laws have been widely and severely criticized." *Id.*, n. 5.

The plaintiffs argued that the house had never been "substantially completed" because the defects of which they complained had never been repaired. *Id.* The *Meyer* Court rejected this argument, commenting that if it were to accept the argument espoused by the plaintiffs, it would defeat the purpose of Tennessee Code Annotated § 28-3-202, *see supra*. It held that "substantial completion" occurs when the owner can use the building for its intended use, that of a home, even if some defects remain. *Id*. at 225.

We now apply this law to the facts in the case at bar. Here, it is undisputed that the lots at issue were residential lots in a subdivision of homes. Analogous to the argument of the plaintiffs in *Meyer*, the Plaintiffs in this case argue that the "improvement to real property" at issue was installation of the sidewalks, which had not been done as of the date of the accident and thus was not "substantially completed" until after the accident. In the alternative, the Plaintiffs interpret the statute expansively, arguing that there is no "substantial completion" until in essence the *entire subdivision* is complete, including the required sidewalks throughout.

We must reject both arguments. To focus only on the defect at issue – here, the absence of sidewalks on the two lots – is too circumscribed an interpretation of the statute. Concomitantly, defining the "real property" at issue to mean the entire subdivision is overly broad. Both interpretations defeat the essential purpose of Section 28-3-202, that is, to limit claims to those arising within four years after substantial completion of the improvements to the real property at issue.

Here, the real property at issue is clearly the two residential lots, Lots 127 and 128. Under the statutory definition of "substantial completion" and the definition set forth in *Meyer*, substantial completion would occur under the facts of this case when the lot at issue, including but not limited to the house, can be used for its intended purpose as a residence. As noted in *Meyer*, this may or may not coincide with the approval of a governmental entity such as the Memphis and Shelby County Construction Code Enforcement Office; passing such a final inspection is indicative of substantial completion but not necessarily determinative. Under the facts of this case, however, it is undisputed that the homes were transferred to individual homeowners the same year, 1995, and had been occupied as residences thereafter. The Plaintiffs put forth no evidence, save the absence of sidewalks, indicating that the lots had not been used for their intended purpose, as residences, since the transfer to individual homeowners.

Here, the defect focused on by the Plaintiffs is the absence of sidewalks on these lots. However important that defect may be in the context of the Plaintiffs' claims, it is not a defect that would prevent the lots from being used for their intended purpose, as residences. Thus, we must hold that the trial court did not err in finding as a matter of law that the "improvement to real property" was substantially completed more than four years prior to the filing of the Plaintiffs' consolidated lawsuits.

The decision of the trial court is affirmed. Costs of this appeal are assessed against the Appellants, Deborah Jenkins, Malcom Williams, Sr., Maria Akpotu, Carol Overzet, James Overzet, and their respective sureties, for which execution may issue if necessary.


_____
HOLLY M. KIRBY, JUDGE