IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 18, 2012 Session

**THE COUNTS COMPANY, v. PRATERS, INC.**

**Appeal from the Circuit Court for Hamilton County**
**No. 11C408     Hon. W. Jeffrey Hollingsworth, Judge**

**No. E2011-01624-COA-R3-CV-FILED-JUNE 22, 2012**

Plaintiff, was general contractor for the renovation of a private club, and employed defendant to install flooring at the club. Plaintiff sued defendant to recover damages incurred when plaintiff was sued by the club which obtained judgment for damages against plaintiff for the defective floor, as well as for attorney's fees for defending the action and other expenses. Defendant moved to dismiss the action, relying on the statute of repose, Tenn. Code Ann. §28-3-202. The Trial Court granted defendant's motion and dismissed the action, and plaintiff has appealed. We affirm the Judgment of the Trial Court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and JOHN W. MCCLARTY, J., joined.

Alaric A. Henry and Kathryn Russell, Chattanooga, Tennessee, for the appellant, The Counts Company.

James A. Hurst, Jr., Chattanooga, Tennessee, for the appellee, Praters, Inc.

**OPINION**

Plaintiff, The Counts Company, Inc., filed a Complaint against defendant, Praters, Inc., alleging claims of breach of contract, breach of warranty, indemnity and tort claims. Counts alleged that it was subjected to a lawsuit for negligent installation of hardwood floors

by Praters, based on breach of warranty, breach of contract, and indemnification. Counts alleged that the alleged negligent work was performed as part of the renovation of the Chattanooga Yacht Club.

Counts alleged that it was hired around November 3, 2005, to be the general contractor for the remodeling project at the Chattanooga Yacht Club, and was required to work with several subcontractors to complete various parts of the project. Counts alleged that it hired Praters to install hardwood flooring in the "great room" at the Yacht Club, and that Counts purchased the flooring from Praters.

Counts alleged that soon after the flooring was installed, it began to warp and separate. Praters attempted to remedy the situation, including resurfacing the floor at no extra cost, but the floor warped again. Counts alleged the floor was still warped and in need of replacement. It further alleged that on May 20, 2009, Chattanooga Yacht Club brought suit against Counts, alleging breach of contract and breach of warranty. The Yacht Club sought damages to replace the floor, and made other allegations regarding Praters' failure to conduct moisture testing, failure to acclimate the wood, failure to follow a proper fastening schedule and negligence in resurfacing the wood rather than replacing it. The Yacht Club sought to hold Counts responsible for Praters' alleged poor workmanship. Counts stated that it filed an Answer identifying Praters as the sub that did the work, but the Yacht Club chose to proceed against Counts only. Counts alleged that as a result of that suit, it was assessed damages of $35,000.00 on the breach of warranty claim by a jury, and that the award was remitted to $34,000.00, but the Yacht Club was also awarded discretionary costs of $3,245.70. Counts alleged that it incurred attorney's fees and expenses of $40,000.00.

Counts alleged a breach of contract and breach of warranty by Praters, and sought damages of $34,000.00 plus attorney's fees, expenses, pre and post-judgment interest, and attorney's fees and all expenses incurred in the prior action.

Praters answered, and admitted the floor was warped, but denied that it was still in that condition. Praters alleged it did incur costs related to the prior lawsuit, in that it performed additional work on the floor. Praters admitted that while there was no written contract between it and Counts, there was a written warranty issued upon substantial completion of the work.

Praters averred that this lawsuit was barred by the statute of repose, Tenn. Code Ann. §28-3-202. Praters also averred that Counts' claims were barred by laches.

Praters then filed a Motion to Dismiss based on the statute of repose. Praters asserted that the statute of repose required the suit be filed within 4 years of substantial completion,

and that substantial completion occurred on May 28, 2006, such that this suit filed on March 21, 2011, was untimely.

Counts moved to amend, pursuant to Tenn. R. Civ. P. 15. Counts added allegations that Praters resurfaced the floor in April or May 2007, and that this would thus be the earliest possible date of substantial completion. Counts also alleged that Praters advised Counts and the Yacht Club to wait a year for the moisture problem to resolve, and continued to give additional diagnoses/advice from 2007 through 2010, stating that the floor problem would correct itself once the moisture problem was resolved. It alleged that it and the Yacht Club relied to their detriment on Praters' representations that it would fulfill its warranty and contractual obligations. Counts also filed a Brief in Opposition to the Defendant's Motion to Dismiss, asserting the same claims.

Counts filed an Affidavit of Stief Counts, who stated that he was the principal shareholder of Counts, and that he was familiar with the work performed at the Yacht Club. He stated that Praters issued a warranty for its work on May 28, 2006, and that shortly after installation, the floor began to cup or warp. He stated that Praters advised Counts and the Yacht Club that the cupping would resolve itself after a year of going through a seasonal heating and cooling cycle. Counts stated that after that cycle, the cupping in the floor did not improve, and Praters resurfaced the floor at no charge to the Yacht Club in 2007. Counts stated that the floor cupped once again, and Praters advised that there was a moisture problem under the floor. Counts stated that the Yacht Club believed that the resurfacing permanently damaged the floor, and demanded that it be replaced. Counts stated that John Prater, the principal of Praters, advised that he believed the cupping would resolve on its own when the moisture problem in the crawlspace was fixed.

Counts then restated the suit filed by the Yacht Club and expenses and damages incurred as a result of that action.

Praters answered Requests for Admissions, and admitted that it represented to Counts that its work was warrantied, and that it was notified of problems with the floor during the warranty period, and that the Yacht Club had told Counts that it wanted the floor replaced. It admitted that it resurfaced the floor at no cost, and admitted that Counts was sued over the floor. Praters stated that it did moisture testing before the floor was installed, and denied the subfloor showed excessive moisture. It admitted that Counts was assessed damages of $34,000.00, and admitted that it had not paid any of that judgment nor any attorney's fees to Counts. Praters admitted that it refused to pay the full judgment, but averred that it was willing to pay half, but denied that Counts was entitled to indemnification. Counts sought to amend its Complaint, which was allowed, and the Court held a hearing on the Motion to Dismiss and issued a Memorandum Order, and granted the Motion to Dismiss. The Court

found that Praters completed its work on May 28, 2006, and issued a one year warranty to both Counts and the Yacht Club. The Court found that soon after installation, the floor began to cup and warp, and that Praters examined the floor and advised that they wait one year for the floor to complete a heating and cooling cycle. The Court held that Praters agreed to resurface the floor if the problem was not corrected, and that Praters resurfaced the floors, but the floors again warped, and the Yacht Club brought the action against Counts over the floor problem. The Court said this suit was filed on March 21, 2011, and found that Tenn. Code Ann. §28-3-202 provided that an action alleging defects in design or construction of an improvement had to be brought within four years of substantial completion of the project. The Court said that the statute of repose controlled over any general statutes of limitations, and that the date of substantial completion was May 28, 2006, the date Praters finished installing the flooring and issued its warranty. The Court concluded that this action was barred by the statute of repose and that the savings clause in Tenn. Code Ann. §28-3-203 would not apply, because the injury did not take place during the fourth year after substantial completion. The Court found that the injury occurred at the latest when plaintiff received the report from the outside inspector in September 2007. The court dismissed plaintiff's claims, and plaintiff filed a Notice of Appeal and raised these issues:

1.      Whether the Trial Court properly determined and identified the different dates of substantial completion for the various allegations of negligence and distinct damages that were at issue for the purposes of applying the statute of repose?

2.      Whether the Trial Court correctly concluded that there was only one issue of negligence relating to one date of substantial completion rather than separate independent events of negligence causing separate independent issues of damages?

3.      Whether the statute of repose barred Counts from filing suit against Praters for damages incurred based on Praters' negligent work on the hardwood flooring in 2007?

The Trial Court determined that plaintiff's claims were barred by Tenn. Code Ann. §28-3-202, which provides:

All actions to recover damages for any deficiency in the design, planning, supervision, observation of construction, or construction of an improvement to real property, for injury to property, real or personal, arising out of any such deficiency, or for injury to the person or for wrongful death arising out of any such deficiency, shall be brought against any person performing or furnishing the design, planning, supervision, observation of construction, construction of, or land surveying in connection with,

-4-

such an improvement within four (4) years after substantial completion of such an improvement.

"Substantial completion" is defined in another part of the statute as "that degree of completion of a project, improvement, or a specified area or portion thereof (in accordance with the contract documents, as modified by any change order agreed to by the parties) upon attainment of which the owner can use the same for the purpose for which it was intended; the date of substantial completion may be established by written agreement between the contractor and the owner." Tenn. Code Ann. §28-3-201.

Plaintiff argues that there were actually two separate instances of work and therefore two dates of substantial completion, i.e., the date when the flooring was originally installed in 2006, and the date when the floor was resurfaced/refinished in 2007, and concluded that when the floor was resurfaced in 2007 was the date or dates of substantial completion, and that these dates create an issue of material fact which preclude summary judgment.

In *Watts v. Putnam Co.*, 525 S.W.2d 488 (Tenn. 1975), the Supreme Court addressed the proper construction and applicability of Tenn. Code Ann. §28-3-202, and explained that it was a statute that was designed to create an "outer limit" of liability to all potential actions based on injury to property, "without regard to the date of discovery". The Court stated that Tenn. Code Ann. §28-3-202 did not extend any statute of limitation, but rather was "superimposed" on existing statutes, and was unrelated to the accrual of any cause of action since it expressly stated that it began to run on the date of substantial completion rather than the date of injury or damage. *Id.* The Court agreed with a decision from the Federal Court for the Eastern District of Tennessee, wherein it was held that the legislative intent in passing Tenn. Code Ann. §28-3-202 was to "insulate contractors, architects, engineers and the like from liability for their defective construction or design of improvements to realty where either the occurrence giving rise to the cause of action or the injury happens more than four years after the substantial completion of the improvement." *Id., quoting Agus v. Future Chatt. Dev. Corp.*, 358 F. Supp. 246 (E.D. Tenn. 1973).

As the Trial Court found and as appellee points out, Counts' affidavit states that a certificate of occupancy was issued for this project on May 15, 2006, and Praters issued a warranty for its work on May 28, 2006. Counts goes on to state that the floor began to cup or warp shortly after installation, and that Praters advised that the floor should go through one year of a seasonal heating and cooling cycle and the problem would resolve. Counts then states that after that one-year seasonal cycle, the warping did not improve, so Praters resurfaced the floor at no charge in April or May 2007.

It is clear that the floor installation was substantially completed at the latest by May

28, 2006, as the Trial Court found. The undisputed proof established that the floor was installed and ready to be used by the owner as of that date, as shown by the facts set forth by Counts. The fact that a defect was discovered shortly after installation does not change the date of substantial completion. *See Meyer v. Bryson*, 891 S.W.2d 223 (Tenn. Ct. App. 1994); *Hammonds v. Jones*, 1997 WL 408788 (Tenn. Ct. App. July 23, 1997); *Auto Fin. Servs. v. Azalea*, 1996 WL 580998 (Tenn. Ct. App. Oct. 10, 1996); *Conley v. Jim Wright*, 1991 WL 107871 (Tenn. Ct. App. Nov. 4, 1991).

In *Meyer*, the plaintiffs brought an action alleging defective construction of their home, and argued their house was never substantially completed pursuant to Tenn. Code Ann. §28-3-201 and 202 because the house still had unrepaired defects, but the Court rejected this argument. This Court held that, pursuant to the express language of the statute, substantial completion occurred when the owner could use the building for its intended purpose, and to hold otherwise would defeat the purpose of the statute. *Id.*

Similarly, in *Hammonds v. Jones*, 1997 WL 408788 (Tenn. Ct. App. July 23, 1997), the plaintiffs purchased a house on October 7, 1991, that was substantially completed in September or early October 1991. Plaintiffs found a defect in a support post/beam in April 1994, notified the builder, and the builder purportedly repaired the same. *Id.* The owners monitored the post thereafter and found on August 1, 1995, that the post had sunk significantly. The owners filed suit on April 29, 1996, and asserted that substantial completion did not occur until April 1994, when the builder agreed to repair and purportedly undertook to repair the latent defect. *Id.* This Court rejected that argument, relying on *Meyer,* and stated that substantial completion occurred when the home could be used for the purpose for which it was intended, which was no later than the purchase date of October 7, 1991. Thus, this Court held that plaintiffs' claims were barred by Tenn. Code Ann. §28-3-202, including plaintiffs' breach of implied warranty claim. *Id.*

In *Auto Fin. Servs. v. Azalea*, 1996 WL 580998 (Tenn. Ct. App. Oct. 10, 1996), the plaintiff purchased a home from defendant on September 22, 1988, and they prepared a "punch list" of repairs that needed to be done. Closing was held on September 30, 1988, and plaintiff received a one year warranty on the home. *Id.* Thereafter, plaintiff made several requests for repairs, and eventually filed suit over an allegedly improperly installed roof, flooring and foundation on September 22, 1992. *Id.* Defendant filed an affidavit stating that the home was substantially complete by December 1986, and plaintiff filed an affidavit stating that they didn't consider the home substantially complete until the "punch list" repairs were done, i.e. the date of closing.

This Court again reiterated that in *Meyer*, the Court rejected the argument that substantial completion cannot occur until all defects have been repaired, and stated that a

building is substantially complete when it can be used for its intended purpose, even if it has some defects, and thus subsequent repairs do not affect the date of substantial completion. *Id.*

In this case, plaintiff's allegation that the attempted repairs by defendant would change the date of substantial completion is a conclusion, not accepted by the courts. The above cases make clear that the date of substantial completion is determined by the date upon which the improvement can be used for that which it was intended, and there is no dispute herein that these floors were completed, i.e. installed, by May 2006. The fact that a repair was attempted by Praters one year later does not change the date of substantial completion under case law. Plaintiff's attempt to characterize the work done in 2007 as "additional work" rather than a "repair" is misguided. There can be no serious argument that the additional work done in 2007 was anything more than an attempt to repair a floor that was unsatisfactory.

Next, plaintiff argues that the Court failed to recognize that it had other claims to which this statute of repose would not apply, but this Court has previously held that claims of indemnity, breach of implied warranty, or any claim based on a construction deficiency would be subject to the time limitation found in Tenn. Code Ann. §28-3-202. *See Hammonds* and *Conley*, *supra; see also Clinton Seafood, Inc. v. Glendard Harrington, et al.*, 1991 WL 50218 (Tenn. Ct. App. Apr. 10, 1991). This Court has also held that Tenn. Code Ann. §28-3-202 is not tolled by any type of estoppel. *Cunha v. Cecil*, 2007 WL 273753 (Tenn. Ct. App. Jan. 3, 2007).

Finally, plaintiff argues defendant was guilty of fraudulent misrepresentation/concealment sufficient to toll Tenn. Code Ann. §28-3-202, which they say was pled in the Amended Complaint but not considered by the Trial Court. Both the statutory scheme and the case law provide that Tenn. Code Ann. §28-3-202 may be tolled for fraudulent concealment. *See* Tenn. Code Ann. §28-3-205; *see also Cunha* and *Conley*. In this case, however, plaintiff failed to properly plead this claim. Plaintiff did allege in its Amended Complaint that Praters "led all parties to believe that the repair work it performed in 2007 had resolved the problem. Praters knew or should have known that these representations were false as the floor cupping did not correct itself after moisture problems were resolved". In order to toll the statute, however, plaintiff must allege that "the cause of action was known to the defendant and *fraudulently concealed* by him." *Conley*, at *1. As this Court explained in that case, Tenn. R. Civ. P. 9.02 requires that "in pleadings averring fraud, the circumstances constituting fraud 'shall be stated with particularity'." *Id.* Plaintiff failed to state the circumstances constituting fraudulent concealment with particularity, as the only circumstance alleged by plaintiff was that the problem did not resolve as defendant said it would, which was also known to plaintiff in 2007. Fraudulent concealment has been defined

as when a defendant "purposefully engages in conduct intended to conceal the plaintiff's injury from the plaintiff". *Redwing v. Catholic Bishop for Diocese of Memphis*, 2012 WL 604481 (Tenn. 2012). In interpreting Tenn. Code Ann. §28-3-205, this Court has held that it is defendant's intentional "concealment of a cause of action" rather than concealment of some problem in construction, that will toll the statute. *Henry v. Cherokee Const. and Supply Co., Inc.*, 301 S.W.3d 263 (Tenn. Ct. App. 2009). This issue raised by the plaintiff is without merit.

There is no factual dispute that this project was substantially completed by May 2006 pursuant to the statutory definition, and thus plaintiff's suit filed more than four years later is untimely. The Judgment of the Trial Court is affirmed and the cause remanded, with the cost of the appeal assessed to The Counts Company, Inc.

_____
HERSCHEL PICKENS FRANKS, P.J.